**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JEFFREY WOODARD                                                                                          Plaintiff

v.                                              5:09-cv-00057-WRW-JJV

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                        Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff Jeffrey Woodard has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by problems with his knees, shoulders and back, congestive heart failure, high blood pressure and depression. (Tr. 13). The Commissioner found that he was disabled within the meaning of the Social Security Act on and after October 12, 2006, but not before. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act before October 12, 2006, is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time prior to October 12, 2006. (Tr. 17). On January 30, 2009, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7). Plaintiff then filed his complaint (Doc. No. 2) initiating this appeal.

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 50 years old at the time of the hearing. (Tr. 1364). He is a high school

graduate. (Tr. 1015, 1340-41, 1351, 1365). He has past relevant work as a truck driver, cook, railroad switcher, grocery stocker, grocery deliveryman, meter reader and telephone installer. (Tr. 13, 165-71, 1390-92).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged

onset date.[1]  (Tr. 14)  He found that Plaintiff had "severe" impairments, chronic ischemic heart disease, osteoarthritis of the knees and mood disorders, but that he did not have an impairment or combination of impairments that met or equaled a Listing.  *Id.*  He judged that Plaintiff's allegations regarding his limitations were credible.  (Tr. 15, 16).

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work.  (Tr. 15).  He found Plaintiff was unable to perform any of his past relevant work.  *Id.*  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work.  *Id.*  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.21, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled prior to October 12, 2006, the day he turned 50 years old.  *Id.*  He utilized Rule 201.14 to determine that Plaintiff was disabled as of the day he turned 50.  *Id.*

Plaintiff advances several arguments in support of his request that the decision of the Commissioner be reversed.  One is that the ALJ erred by utilizing the Medical-Vocational Guidelines to determine his disability.  That argument has merit.

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert.  Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991).  In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled."  Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).  Instead, testimony of a vocational expert must be taken.  Groeper, 932 F.2d at 1235.  The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines.  Thompson, 850 F.2d at 349-350 (emphasis added).

*Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); *accord*, *McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003); *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir.

---

[1] Plaintiff originally alleged an onset date of March 1, 2004.  (Tr. 62)  At the hearing, that date was amended to August 1, 2004.  (Tr. 1363)

2001); *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999).

As noted, the ALJ found Plaintiff had "severe" impairments, including mood disorders. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2006). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord*, *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). Mental impairments are generally considered to be nonexertional. Social Security Ruling 85-15, at 2. The ALJ's required finding of a "severe" mental impairment that did not have a significant impact on his residual functional capacity is logically inconsistent. Therefore, the Commissioner's decision should be reversed. Given that fact, Plaintiff's other arguments are moot.

Based on this error and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, the ruling of the Commissioner should be reversed and the matter remanded for a reevaluation of Plaintiff's complaints. On remand, if Plaintiff is found to have a "severe" nonexertional impairment and the sequential evaluation process reaches Step 5, a vocational expert must be utilized to determine if there are other jobs in the economy which Plaintiff could perform.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and this case be remanded for proceedings consistent with this opinion. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 9th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE