IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JEFFERY WOODARD, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | |
| MICHAEL J. ASTRUE, Commissioner, | * | No. 5:09-cv-00057-WRW-JJV |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

This recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Within fourteen (14) days after being served with a copy of the recommended disposition, any party may serve and file with the Clerk of this Court specific written objections to the proposed findings and recommendations.  A copy of the objections must be served on the opposing party, who may respond within fourteen (14) days after being served.  The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions.  *See* Fed. R. Civ. P. 72(b); Local Rule 72.1(VIII)(C), Rules of the United States District Court for the Eastern District of Arkansas.

A.   Background

On November 25, 2009, the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff has now filed a motion for an EAJA award for court-time expended by his attorney prior to the remand.

B.   Attorney Fee

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the

limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). Plaintiff seeks an hourly rate of $186.58 for 19.75 hours of work performed by his attorney in 2009, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index, All Urban Consumers (CPI-U). In his application, counsel explained how he calculated the rate and provided the supporting CPI-U figures.

The Commissioner has responded and objects to a rate of $186.58, and asserts that the proper hourly rate should be $172.24. In his response, the Commissioner explains how he arrives at this slightly lesser number and states he does not object to the Court awarding Plaintiff's counsel an hourly rate of $172.24.

After reviewing the respective calculations, the Court finds that the Commissioner's calculation is correct. Plaintiff's counsel miscalculated the average CPI-U for 2009 to arrive at 232.415. However, according to the information counsel submitted, the correct average is 214.537[1]. Accordingly, 19.75 hours should be allowed at an hourly rate of $172.24 for the attorney work performed in this case, for an EAJA fee award of $3,401.74.

C.   Conclusion

Accordingly, it is hereby RECOMMENDED:

(1)   That Plaintiff's attorney should be found entitled to an EAJA award of attorney's fees in the amount of $3,401.74;

---

[1] It appears that counsel calculated the 232.41508 figure by manually averaging the numbers listed in his attached CPI chart. This is not necessary because the chart contains the index for each month and the average for the year. The 2009 average is 214.537, found in the last column. However, if you incorrectly include that number (13 entries) and divide the total by 12 months, the result is 232.41508. (211.143+212.193+212.709+213.240+213.856+215.693+215.351+215.834+215.969+216.177+216.330+215.949+214.537)/12 = 232.41508

(2)     That the Commissioner should be directed to certify and pay to Alan J. Nussbaum, attorney for Plaintiff, the fees awarded pursuant to EAJA.

DATED this 31st day of March, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE