IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFREY WOODARD                                                                                       PLAINTIFF

v.                                              5:09CV00057-WRW

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                       DEFENDANT

## ORDER

Pending is Plaintiff's Motion for Attorney Fees Under 42 U.S.C. §406(b) (Doc. No. 23). Defendant has responded,[1] stating that the amount requested appears to be reasonable. For the reasons set out below, the Motion is GRANTED.

Plaintiff's attorney represented Plaintiff before this Court and before the Social Security Administration when the case was remanded. Plaintiff and his attorney entered into a contingency fee agreement under which the attorney would receive, as a fee for representation in federal court review of his Social Security disability case, twenty-five percent of the past-due benefits awarded.[2] When Plaintiff prevailed before the administrative law judge upon remand, Plaintiff and his ancillary were awarded a total of $43,241.00 in past-due Social Security disability benefits.[3]

Under 42 U.S.C. §406(b)(1)(A), a court may allow a "reasonable" attorney's fee, not to exceed twenty-five percent of the total of the past-due benefits to which the claimant is entitled.

---

[1] Doc. No. 26.

[2] Doc. No. 23-1.

[3] Doc. Nos. 23-2, 23-3.

In *Gisbrecht v. Barnhart*,[4] the Supreme Court provided guidance for determining fees under §406(b):

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. *See, e.g.*, *McGuire*, 873 F.2d, at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249–50 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. *See Rodriquez*, 865 F.2d, at 746–47. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. *See id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same).[5]

In this case, considering the attorney's substantial experience, the amount of time spent on the case, and the issues presented,[6] I find that the fee requested by Plaintiff's attorney is reasonable for the results achieved.[7]

---

[4] 535 U.S. 789 (2002).

[5] *Geisbrecht*, 535 U.S. at 807–08 (footnotes omitted).

[6] Doc. No. 25.

[7] The amount Plaintiff's attorney is seeking, $4,810.25, combined with the $6,000.00 he has already received, is equal to twenty-five percent of the past-due benefits awarded—the amount Plaintiff agreed to pay in the contingency fee agreement.

**CONCLUSION**

The Motion (Doc. No. 23) is GRANTED, and the Social Security Administration is directed to pay $4,810.25 from the past-due benefits owed to Plaintiff and his ancillary directly to Plaintiff's attorney, Mr. Alan J. Nussbaum. Upon receipt of this §406(b) fee award, Plaintiff's attorney is directed to pay to Plaintiff the $3,401.74 that was previously awarded under the Equal Access to Justice Act,[8] which is the lesser of the two fee awards.[9]

IT IS SO ORDERED this 29th day of December, 2010.

/s/ Wm. R. Wilson, Jr.
UNTIED STATES DISTRICT JUDGE

---

[8] Doc. No. 22.

[9] *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186.").